## Schwartz *v.* Schwartz, Appellant.

Argued October 10, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*March Joel Schwartz,* appellant, in propria persona.

*Edward J. Swotes,* for appellee.

Per Curiam, November 15, 1949:

This is an appeal by defendant from the decree of the court below granting a divorce to his wife, the plaintiff. Plaintiff set forth in her complaint two grounds on which she sought a divorce from defendant—indignities to the person, and cruel and barbarous treatment. Defendant did not file an answer. A master was appointed to hear the testimony and return the record and the transcript of testimony to the court together with his report and recommendation. Although counsel had entered his appearance for defendant, defendant did not appear in person nor was he represented by counsel at the hearing. The master recommended a decree on the ground of indignities to the person. After a final rule in divorce had been served upon defendant personally and also upon his counsel personally, a final decree was entered.

On appeal defendant appeared in person at the argument, and subsequently filed a brief.

The parties were married in Tampa, Florida, on June 29, 1942. At the time of the marriage and at the time of the institution of the divorce action they resided in the City of Philadelphia. From the time of their marriage until the final separation on February 9, 1949, they resided in various places. One child was born of the marriage, a daughter, on January 22, 1946. Although the parties had known each other in Philadelphia for three years prior to their marriage, it was not long thereafter before defendant became abusive, intentionally neglectful, intolerant, and hateful. This attitude became more manifest until the final separation. He repeatedly used vile language toward plaintiff and treated her with contempt and disdain. Even in his correspondence defendant called plaintiff vile names and accused her of infidelity. On various occasions defendant threatened to get even with plaintiff or to kill her. He bought a gun, and said "I bought this gun because

I may want to kill you some time and I want to have it handy." In the fall of 1948, a few months prior to the final separation, defendant became enraged at plaintiff, slapped her, and otherwise mistreated her. Just prior to the final separation defendant told plaintiff that he wanted her to leave him alone, "get the hell out," that he despised her. He left their home finally on February 9, 1949.

We are of the opinion that defendant offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome, and that the evidence was sufficient to warrant a decree of divorce on that ground. See *Monaco v. Monaco,* 160 Pa. Superior Ct. 117, 119, 50 A. 2d 520; *Solof v. Solof,* 161 Pa. Superior Ct. 94, 97, 54 A. 2d 87.

The decree is affirmed.